Kenneth D. Freundlich (SBN: 119806)
Michael J. Kaiser (SBN: 258717)
FREUNDLICH LAW
16133 Ventura Blvd. Ste. 645
Encino, CA 91436
P: 818.377.3790
F: 310.275.5351
E-Mail: ken@freundlichlaw.com
          mkaiser@freundlichlaw.com

Attorneys for Defendant Beautycon Media, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 3G PRODUCTIONS, INC,<br><br>           Plaintiff,<br><br>  v.<br><br>BEAUTYCON MEDIA, INC.,<br><br>           Defendant | Case No. 2:20-cv-01379-FMO (JEM)<br><br>Hon. Fernando M. Olguin<br><br>**DEFENDANT BEAUTYCON MEDIA, INC.'s *EX PARTE* APPLICATION FOR ORDER DETERMINING THAT LEVIED-UPON FEDERAL PAYCHECK PROTECTION PROGRAM (PPP) FUNDS RECEIVED BY DEFENDANT ARE EXEMPT FROM LEVY/EXECUTION**<br><br>[FRCP 69(a)(1)]__<br><br>**[Declarations of Michael Rafter and Kenneth D. Freundlich, Esq. filed concurrently herewith]**<br><br>Judgment Entered; May 12, 2020 |

0
**DEFENDANT BEAUTYCON MEDIA, INC.'s *EX PARTE* APPLICATION FOR ORDER DETERMINING THAT LEVIED-UPON FEDERAL PAYCHECK PROTECTION PROGRAM (PPP) FUNDS RECEIVED BY DEFENDANT ARE EXEMPT FROM LEVY/EXECUTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant BEAUTYCON MEDIA, INC. ("Defendant") will and does hereby, pursuant to Fed. R. Civ. P. 69(a), apply to the Court *ex parte* for an order determining that levied-upon federal Paycheck Protection Program ("PPP" or the "Program") funds received by Defendant under the Program (the "PPP Funds") and which had been deposited into Defendant's account (last four digits of the account number are 8802) at Citibank, N.A. ("Defendant's Bank Account"), are exempt from levy/execution as a matter of federal and/or California law. Accordingly, the Court should also order that Citibank, N.A. release any hold on Defendant's Bank Account and make the PPP Funds therein available forthwith for Defendant's immediate use. In the event the PPP Funds have already been turned over to the U.S. Marshals and/or the appointed registered process server, the Court should order that the PPP Funds be returned forthwith to Citibank, N.A., who shall in turn make such funds available forthwith for Defendant's immediate use.

The relief is sought *ex parte* because Plaintiff 3G Productions, Inc. ("Plaintiff") has levied upon Defendant's Bank Account which contains the unused portion of the  PPP funds received by Defendant from Citibank, N.A. on May 4, 2020 through a PPP loan—funds which are specifically earmarked for payment to Defendant's employees for payroll and health insurance benefits during the COVID-19 pandemic. *See* Declaration of Michael Rafter dated July 24, 2020 ("Rafter Decl.") ¶¶ 2-8; *see also* CARES ACT (2020), (9 H.R. 748), 15 U.S.C. 636 *et seq.* (the "CARES Act"), an excerpt from which is attached as **Exhibit 1** to the Declaration of Kenneth Freundlich, Esq. dated July 24, 2020.

Defendant was able to cover its payroll for the period ending July 31, 2020, but without the PPP Funds, which have been levied upon by Plaintiff, Defendant will

be unable to fund its payroll and health insurance benefits for its employees and such employees will be let go on July 31, 2020, rendering them unemployed without benefits. Rafter Decl. ¶7. The entire remaining funds that have been levied upon have been budgeted by Defendant to maintain payroll and benefits for Defendant's employees for a period of time during which Defendant seeks to restructure its business for the future due to COVID-19's effect on its business. *Id.* ¶8.

Without this relief on an expedited basis, Defendant and most importantly its employees for whom the PPP exists, will be irreparably and substantially harmed.

Under Fed. R. Civ. P. 69(a), state (California) law generally applies to judgment enforcement proceedings, except that "a federal statute governs to the extent it applies." As set forth hereinbelow, the federal CARES Act governs here and impliedly preempts (under the doctrine of conflict preemption) any California law that would otherwise, *arguendo*, permit execution on the PPP Funds. Indeed, the CARES Act explicitly delineates permissible uses of PPP Funds, none of which include satisfaction of judgments or other debts.

Alternatively, even under California law, as expressed in Governor Gavin Newsom's Executive Order N-57-20 (the "Executive Order")[1], the PPP Funds are *per se* exempt based upon, the text, structure, and purpose of the Executive Order.

**Compliance with Local Rule 7-19 and Court's Standing Order**

On July 23, 2020, counsel for Defendant informed counsel for Plaintiff during a phone call that Defendant intended to bring this application for *ex parte* relief and Plaintiff was asked to release its levy upon the PPP Funds immediately, but has

---

[1] A true and correct copy of the Executive Order is attached as **Exhibit 3** to the Freundlich Decl.


1. declined to do so. Plaintiff has simply not responded and therefore it is presumed Plaintiff will oppose this application for *ex parte* relief. See Freundlich Decl. ¶2.

   As required by Section V of this Court's Standing Order, following the e-filing of this *ex parte* application, Defendant will "notify the opposition that opposing papers must be filed no later than….one court day" following e-filing of this *ex parte* application. See Freundlich Decl. ¶2.

   As required by L.R. 7-19, below are the names, address, telephone numbers, and e-mail addresses of Plaintiff's counsel as listed on the PACER docket for this action:

**Robert Brian Milligan**
**Sierra J Chinn-Liu**
Seyfarth Shaw LLP
2029 Century Park East Suite 3500
Los Angeles, CA 90067
310-277-7200
Fax: 310-201-5219
Email: schinnliu@seyfarth.com
Email: rmilligan@seyfarth.com

DATED: July 24, 2020

FREUNDLICH LAW

_____
Kenneth D. Freundlich
Michael J. Kaiser
Attorneys for Defendant Beautycon Media, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 21, 2020, Plaintiff, 3G Productions, Inc, ("Plaintiff"), having obtained a Writ of Execution from this Court (Doc. No. 29), levied on Defendant Beautycon Media, Inc.'s ("Defendant") Citibank N.A. bank account (last four digits: 8802 ("Defendant's Bank Account") containing Defendant's remaining Payroll Protection Program ("PPP") proceeds (the "Remaining PPP Funds"). *See* Declaration of Michael Rafter dated July 24, 2020 ("Rafter Decl.") ¶4, Exh. 3 (notice of levy).

Under Fed. R. Civ. P. 69(a)(1) and controlling Ninth Circuit authority, in adjudicating post-judgment matters, the Court is required to follow "a federal statute…to the extent it applies." As set forth hereinbelow, the federal CARES Act[2] governs here and impliedly preempts (under the doctrine of conflict preemption) any California law that would otherwise, *arguendo*, permit execution on the Remaining PPP Funds. Indeed, the CARES Act explicitly delineates the *limited* permissible uses of any funds received under the PPP, none of which include satisfaction of judgments or other debts, and thus precludes Plaintiff's levy.

Alternatively, even under California law, as expressed in Governor Gavin Newsom's Executive Order N-57-20 (sometimes referred to simply as the "Executive Order")[3], PPP funds are *per se* exempt based upon the text and purpose of the Executive Order.

## II. THE LEVIED FUNDS ARE PPP FUNDS

On May 2, 2020, Defendant executed a *Paycheck Protection Program Loan Note* with Citibank, N.A. in the amount of $522,800.00. Rafter Decl. ¶2, Exh. 1. The

---

[2] CARES ACT (2020), (9 H.R. 748), 15 U.S.C. 636 et seq.
[3] *See* footnote 1, *supra*.

4
**DEFENDANT BEAUTYCON MEDIA, INC.'s *EX PARTE* APPLICATION FOR ORDER DETERMINING THAT LEVIED-UPON FEDERAL PAYCHECK PROTECTION PROGRAM (PPP) FUNDS RECEIVED BY DEFENDANT ARE EXEMPT FROM LEVY/EXECUTION**

funds were deposited into Defendant's Bank Account on May 4, 2020. *Id*. Although Defendant's Bank Account contained other monies, Defendant tracked the use of its PPP funds in a ledger and used its PPP funds only in the permissible ways under the CARES Act, to pay for the payroll and benefits for its eight current employees, seven of whom are paid bimonthly and one of who is paid monthly, and for May 2020 rent. Rafter Decl. 3, Exh 2. (redacted to protect the names of the employees).

On July 21, 2020, the day Plaintiff levied upon Defendant's Bank Account in the amount of $283,015.48 of the Remaining PPP Funds, *See* Rafter Decl. ¶4, Exh. 3, the Remaining PPP Funds totaled $337,206.32, which means that Plaintiff's levy left only $54,190.84 of the Remaining PPP Funds. Rafter Decl. ¶5. On July 24, 2020, Defendant funded its July 31, 2020 payroll in the amount of $27,297.23 which leaves Defendant with a mere $26,893.61 to meet its future payroll and benefit obligations. Rafter Decl. ¶6, Exh. 4. Furthermore, the July 31, 2020 payroll does not include payroll for the CEO whose salary is paid once per month on the 15th of the month. *Id.*

Defendant will have to lay off employees after July 31, 2020 because if employees continue to work after that date, there will be insufficient funds for payroll and related benefit. Rafter Decl. ¶ 7.

### III. THE FEDERAL CARES ACT GOVERNS HERE, PREEMPTS ANY CALIFORNIA LAW TO THE CONTRARY, AND PRECLUDES PLAINTIFF'S LEVY/EXECUTION UPON THE REMAINING PPP FUNDS

The Ninth Circuit, in analyzing the respective roles of federal and state law in post-judgment enforcement matters under Fed. R. Civ. P. 69(a)(1), emphatically recognized that where, as here, there is an applicable federal statute, such federal

statute governs notwithstanding any state law to the contrary. *See United States v. Gianelli*, 543 F.3d 1178, 1182-83 (9th Cir. 2008). Indeed, any conflicting state law is preempted to the extent inconsistent with governing federal law. *Cf. id.* at 1183 ("[A] state law limiting such collection is inconsistent with the purpose of the [federal] act and is, therefore, preempted.").

Here, the CARES Act—in particular, Section 1102 thereof[4] and the administrative rules promulgated pursuant thereto[5]—exclusively governs the permissible disposition of PPP funds. Specifically, Section 1102(F) enumerates "allowable uses" of PPP funds, which include, *inter alia*, payroll costs, costs for group health care benefits, rent, and utilities, but which do not include payment to or other satisfaction of judgment creditors. *See also* 13 CFR Part 120(r) (listing permissible uses of PPP funds).

As in *Gianelli*, to the extent California law would—contrary to the CARES Act and concomitant regulations—permit the levying and execution upon Defendant's PPP Funds, such levy/execution is not only inoperative by the text of Fed. R. Civ. P. 69(a)(1)[6], but also by the preemptive force of federal law.

Here, the implied preemption doctrine of conflict preemption applies. "There are two types of implied preemption: field preemption and conflict preemption. ….Conflict preemption analysis examines the federal statute as a whole to determine whether a party's compliance with both federal and state requirements is impossible

---

[4] A true and correct copy of Section 1102 of the CARES Act is attached as **Exhibit 1** to the Freundlich Decl.
[5] *See, e.g.,* 13 CFR Part 120, a true and correct copy of which is attached as **Exhibit 2** to the Freundlich Decl.
[6] "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, **but a federal statute governs to the extent it applies**." (emphasis added).

6

**DEFENDANT BEAUTYCON MEDIA, INC.'s *EX PARTE* APPLICATION FOR ORDER DETERMINING THAT LEVIED-UPON FEDERAL PAYCHECK PROTECTION PROGRAM (PPP) FUNDS RECEIVED BY DEFENDANT ARE EXEMPT FROM LEVY/EXECUTION**

**or** whether, in light of the federal statute's purpose and intended effects, state law poses an obstacle to the accomplishment of Congress's objectives." *Whistler Investments, Inc. v. Depository Tr. & Clearing Corp.*, 539 F.3d 1159, 1164 (9th Cir. 2008) ("*Whistler Investments*") (emphasis added).

### A. Compliance with Both Federal and State Requirements is Impossible

Were the Court to permit Plaintiff's levy/execution upon the Remaining PPP Funds, it would make it impossible—for a number of reasons—to comply with the PPP requirements set forth in the CARES Act and concomitant regulations.

As stated above, the CARES Act and concomitant regulations list the permissible uses of PPP funds, which require utilizing the funds to keep a company's workers employed and the company afloat. *See* CARES Act §1102(F)(i)(I)-(VI). While Congress also specifically permits the use of PPP funds to cover "interest on any…debt obligations…," Congress did not provide that the funds could be used to satisfy debt obligations themselves (*e.g.,* Plaintiff's judgment); thus, further reinforcing the impermissibility of levying/executing upon the Remaining PPP Funds. *See Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312-13 (9th Cir. 1992) ("Most strongly put, the *expressio unius*, or *inclusio unius*, principle is that '[w]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.'") (quoting *Raleigh & Gaston Ry. Co. v. Reid*, 80 U.S. (13 Wall.) 269, 270 (1871)).

Likewise, Section 1102(G)(i)(II) of the CARES Act required Defendant—as a condition for Defendant to have received the PPP funds—to "make a good faith certification…acknowledging that [the PPP funds] will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments."

*See also* Rafter Decl. ¶2, **Exh. 1**. (certificate portion highlighted). Clearly, levying/executing upon the Remaining PPP Funds would force Defendant to be unable to comply with this certification under federal law—a paragon of conflict preemption.

> B. **Considering the CARES Act's Purpose and Intended Effects, Any California Law That Would Permit Levying/Executing Upon the Remaining PPP Funds Poses an Obstacle to the Accomplishment of Congress' Objectives**

Although the impossibility of compliance with both federal and state requirements is sufficient here to find conflict preemption, *see Whistler Investments*, 539 F.3d at 1164, such preemption also exists here by virtue of the fact that any California law that would permit levying/executing upon Defendant's Remaining PPP Funds would frustrate Congress' objectives under the CARES Act.

The heading for Title I of the CARES ACT, in which Section 1102 appears, succinctly and emphatically states the Congressional objective behind PPP funds: "Keeping American Workers Paid and Employed…." Here, it is clear that in specifically enumerating the permissible uses of PPP funds (discussed above) against the backdrop of the present, unprecedented pandemic, Congress' purpose was to render these funds a lifeline to American businesses, and in turn, the workers they employee.

Accordingly, were the Court to permit levying/execution upon PPP funds it would frustrate the very purpose and intended effect of such funds as businesses like Defendant would not only be unable to comply with statutory and regulatory requirements, but will also be forced to lay off employees and perhaps close down. *See* Section II, *supra*.

## IV. ALTERNATIVELY, GOVERNOR NEWSOM'S EXECUTIVE ORDER RENDERS THE REMAINING PPP FUNDS PER SE EXEMPT UNDER CALIFORNIA LAW

In the alternative, the text and purpose of Governor Newsom's Executive Order N-57-20 render the Remaining PPP Funds *per se* exempt under California law.

Part (1) of the Executive Order provides an exemption for "[f]inancial assistance made available under section 2201 of the CARES Act (concerning 2020 Recovery Rebates for Individuals), and any other federal-, state-, or local-government financial assistance made available to individuals in express response to the COVID-19 pandemic."[7]

Here, the PPP Funds are "federal-government financial assistance made available to individuals in express response to the COVID-19 pandemic." Plaintiff will undoubtedly argue to the contrary since the PPP funds were **directly** made available to Defendant, which is an entity, not a "individual." However, Plaintiff's anticipated argument misses the mark for at least a couple reasons.

First, the Executive Order does not require that the "government financial assistance" be made **directly** available to individuals, but rather merely "made available." Here, the Remaining PPP Funds are earmarked to pay employees (*i.e.,*

---

[7] Although the Executive Order, part (1), provides exemption from "any attachment, levy, execution, or garnishment…**without requiring any further action by the person receiving such financial assistance (including, but not limited to, the filing of any claim)**" (emphasis added), Defendant nevertheless, out of an abundance of caution, has filed a claim of exemption. Rafter Decl. ¶9, Exh. 5. And, in any event, not requiring the formality of filing a Claim of Exemption is consistent with the substance of Fed. R. Civ. P. 69(a). *See Thomas, Head & Greisen Employees Tr. v. Buster*, 95 F.3d 1449, 1452 (9th Cir. 1996) ("Federal Rule 69(a) is in substance a choice-of-law provision not meant to put the judge into a procedural straitjacket, whether of state or federal origin….") (internal quotation marks omitted).

individuals) their salaries and benefits, which clearly falls within the ambit of the Executive Order's protections for government financial assistance made available to individuals.

Second, it would be contrary to longstanding California jurisprudence to read this remedial law narrowly. *See Cullerton v. Mead*, 22 Cal. 95, 98 (1863) ("This is a remedial statute, and it must therefore be construed liberally, and when the meaning is doubtful, it must be so construed as to extend the remedy."); *see also Novak v. Fay*, 236 Cal. App. 4th 329, 338 (2015) (same) (citing *Cullerton*). Here, the Executive Order states the remedial purpose thereof as "to alleviate the financial harms caused by the COVID-19 pandemic, and to otherwise further the public interest in mitigating the economic impacts of COVID-19, individuals who receive financial assistance under the CARES Act should be able to use such assistance to meet their own immediate financial needs, and to provide support to individuals who need and are entitled to such support." Executive Order, 4th Whereas Clause. Accordingly, the Executive Order must be interpreted broadly to further its remedial goal of shielding government assistance funds—whether received by individuals directly or indirectly—so that such individuals can weather this unprecedented storm.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests an order *ex parte* determining that the Remaining PPP Funds received by Defendant under the Program, and which had been deposited into Defendant's Bank Account at Citibank, N.A. are exempt from levy/execution as a matter of federal and/or California law. Accordingly, the Court should also order that Citibank, N.A. release any hold on Defendant's Bank Account and make the levied-upon portion of the Remaining PPP Funds therein available forthwith for Defendant's immediate use. In the event the

1 levied-upon Remaining PPP Funds have already been turned over to the U.S.
2 Marshals and/or the appointed registered process server, the Court should order that
3 such funds be returned forthwith to Citibank, N.A., who shall in turn make such
4 funds available forthwith for Defendant's immediate use.

5 DATED: July 24, 2020					FREUNDLICH LAW

					_____
					Kenneth D. Freundlich
					Michael J. Kaiser
					Attorneys for Defendant Beautycon Media, Inc.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 16133 Ventura Blvd. Ste. 645, Encino, CA 91436. On July 24, 2020, I served the within document(s) described as:

**DEFENDANT BEAUTYCON MEDIA, INC.'s *EX PARTE* APPLICATION FOR ORDER DETERMINING THAT LEVIED-UPON FEDERAL PAYCHECK PROTECTION PROGRAM (PPP) FUNDS RECEIVED BY DEFENDANT ARE EXEMPT FROM LEVY/EXECUTION**

on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

☐ (BY EXPRESS MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and overnight mailing following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of Express Mail to be sent overnight by the U.S. Postal Service. Under that practice, it would be deposited on that same day in the ordinary course of business, with Express Mail postage thereon fully prepaid, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the U.S. Postal Service for receipt of Express Mail.

☒ ((BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 24, 2020, at Encino, California.

Kenenth D. Freundlich
(Type or print name)            (Signature)

**SERVICE LIST**

**Robert Brian Milligan**
**Sierra J Chinn-Liu**
Seyfarth Shaw LLP
2029 Century Park East Suite 3500
Los Angeles, CA 90067
310-277-7200
Fax: 310-201-5219
Email: schinnliu@seyfarth.com
Email: rmilligan@seyfarth.com

**DEFENDANT BEAUTYCON MEDIA, INC.'s *EX PARTE* APPLICATION FOR ORDER DETERMINING THAT LEVIED-UPON FEDERAL PAYCHECK PROTECTION PROGRAM (PPP) FUNDS RECEIVED BY DEFENDANT ARE EXEMPT FROM LEVY/EXECUTION**