# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| 3G PRODUCTIONS, INC., | ) | Case No. CV 20-1379 FMO (JEMx) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: EX PARTE APPLICATION** |
| BEAUTYCON MEDIA, INC., | ) | |
| Defendant. | ) | |

Having reviewed the briefing filed with respect to Beautycon Media, Inc.'s ("defendant") Ex Parte Application for Order Determining that Levied-Upon Federal Paycheck Protection Program Funds Received by Defendant are Exempt from Levy/Execution, (Dkt. 33, "Ex Parte"), the court concludes as follows.

On May 12, 2020, the court granted plaintiff's motion for default judgment due to defendant's failure to appear and litigate this case. (Dkt. 25, Court's Order of May 12, 2020). The court entered judgment against defendant that same day. (Dkt. 26, Judgment). On June 12, 2020, plaintiff filed an Affidavit and Request for Issuance of Writ of Execution, (Dkt. 28), which the court granted by issuing a Writ of Execution on June 15, 2020. (Dkt. 29, Writ of Execution).

Approximately two months after the court's entry of judgment against defendant, defendant filed the instant Ex Parte, seeking to shield from levy certain funds it claims it received from the federal government pursuant to the Paycheck Protection Program under the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. §§ 9001, et seq. (See Dkt. 33, Ex Parte). Because the gravamen of defendant's Ex Parte seeks to avoid the impact of the court's judgment, and in

light of the Ninth Circuit's mandate that "[c]ases should be decided upon their merits whenever reasonably possible[,]" Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), the court will stay its judgment and vacate the writ of execution so that defendant can file a motion to set aside default judgment. See Fed. R. Civ. P. 55(c).[1]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Ex Parte **(Document No. 33)** is **denied as moot**.

2. The Judgment is **stayed** and the Writ of Execution **(Document No. 29)** is **vacated** pending the court's ruling on defendant's motion to set aside default judgment.

3. No later than **August 12, 2020**, defendant shall file a motion to set aside default judgment, and notice it for hearing according to the Local Rules.

4. Counsel for the parties shall, on **August 5, 2020, at 10:00 a.m.**[2] meet and confer telephonically or in person at an agreed upon location within the Central District of California to discuss defendant's motion to set aside default judgment. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each

---

[1] In the Ninth Circuit, the standard for vacating a default judgment under Rule 60(b) is the same "good cause" standard for vacating an entry of default under Rule 55(c). Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925 (9th Cir. 2004). "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." Fracois & Co., LLC v. Nadeau, 334 F.R.D. 588, 596 (C.D. Cal. 2020) (internal quotation marks and alterations omitted). "Because this three-factor test is disjunctive, a finding that any one of the three factors is true is sufficient reason for the district court to refuse to set aside the default." Id. (internal quotation marks and alterations omitted).

[2] Counsel may agree to meet and confer at another time without seeking court approval for such an agreement.

attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

5.  Plaintiff's counsel shall forthwith serve this Order upon the Citibank, N.A., and notify Citibank that the writ of execution with respect to defendant's bank account (ending in 8802) has been vacated.  No later than **one business day** following the filing date of this Order, plaintiff's counsel shall file a proof of service demonstrating that Citibank, N.A. has been served with this Order.

Dated this 28th day of July, 2020.

                                                              /s/
                                        Fernando M. Olguin
                                   United States District Judge