Kenneth D. Freundlich (SBN: 119806)
Michael J. Kaiser (SBN: 258717)
FREUNDLICH LAW
16133 Ventura Blvd. Ste. 645
Encino, CA  91436
P: 818.377.3790
F: 310.275.5351
E-Mail:  ken@freundlichlaw.com
   mkaiser@freundlichlaw.com

Attorneys for Defendant Beautycon Media, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 3G PRODUCTIONS, INC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BEAUTYCON MEDIA, INC.,<br><br>　　　　　Defendant | Case No.  2:20-cv-01379-FMO (JEM)<br><br>Hon.  Fernando M. Olguin<br><br>**DEFENDANT BEAUTYCON MEDIA, INC.'S REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT**<br><br>**[FRCP 55(c) and 60(b)(4)]**<br><br>Date: September 17, 2020<br>Time: 10:00 a.m.<br>Courtroom: 6D<br><br>Judgment Entered: May 12, 2020<br>(Doc. No. 26) |

**DEFENDANT BEAUTYCON MEDIA, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT**

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ANALYSIS .............................................................................................................3

    A. The Default Judgment Contains an Unenforceable Penalty and is Thus Void under California Law ................................................3

        1. The Liquidated Damages Provision Here is Unenforceable Because it Fails the "Reasonable Relationship" Test ........................................................................................3

        2. Whether or not Defendant was Oppressively Coerced Into Entering into the Parties' Agreement Has no Bearing on the Unenforceability of the Liquidated Damages Provision Despite Plaintiff's Inapposite Authority to the Contrary ............................................................5

    B. Given That the Default Judgment is Void, the Court is Required to Set it Aside ..................................................................................7

        1. There is No "Good Cause" Standard for Setting Aside a Void Default Judgment .................................................................7

        2. Under Rule 60(b)(4), the Court Lacks Discretion to Sever the Liquidated Damages Portion of the Default Judgment .................................................................................................8

    C. Rule 60(b)(4) Does Not and Cannot Impose Strictures Preventing this Court from Setting Aside a Judgment That is Void as a Matter of California Law ..........................................................9

    D. Even if *Arguendo* the Default Judgment Could Not Be Set Aside Under Federal Procedure, it Would Nevertheless Be Unenforceable Under Rule 69(a)(1) and California Law Incorporated Thereby ..........................................................................11

III. CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baxter State Bank v. Bernhardt*,
   186 F.R.D. 621 (D. Kan. 1999) ........................................................................ 12

*Burgos-Yantin v. Municipality of Juana Diaz*,
   909 F.3d 1 (1st Cir. 2018) ................................................................................ 11

*Burke v. Smith*,
   252 F.3d 1260 (11th Cir. 2001) ............................................................. 8, 10, 11

*Constellation-F, LLC v. World Trading 23, Inc.*,
   45 Cal. App. 5th 22 (2020) ........................................................................ 5, 6, 7

*In re Ctr. Wholesale, Inc.*,
   759 F.2d 1440 (9th Cir. 1985) ........................................................................... 9

*De Adams v. Hedgpeth*,
   2015 WL 114163 (C.D. Cal. Jan. 7, 2015) ........................................................ 9

*In re Estate of Ferdinand E. Marcos Human Rights Litig.*,
   536 F.3d 980 (9th Cir. 2008) ........................................................................... 11

*Fid. Nat. Fin., Inc. v. Friedman*,
   855 F. Supp. 2d 948 (D. Ariz. 2012) ................................................................. 2

*Garrett v. Coast & Southern Fed. Sav. & Loan Assn.*,
   9 Cal.3d 731 (1973) ........................................................................................... 6

*Hanna v. Plumer*,
   380 U.S. 460 (1965) ............................................................................. 1, 10, 11

*Iqbal v. Ziadeh*,
   10 Cal. App. 5th 1 (2017) .................................................................................. 4

*In re K F Dairies, Inc. & Affiliates*,
   224 F.3d 922 (9th Cir. 2000) ............................................................................. 7

*Keel v. Tilton*,
   2009 WL 1035362 (E.D. Cal. Apr. 17, 2009) ................................................... 9

*Moore v. Kaufman*,
  189 Cal. App. 4th 604 (2010) ...................................................................................2, 12

*Purcell v. Schweitzer*,
  224 Cal. App. 4th 969 (2014) ...............................................................................3, 5, 10

*Ridgley v. Topa Thrift & Loan Ass'n*,
  17 Cal. 4th 970 (1998) ..........................................................................................1, 5, 6

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) ......................................................................................................10

*Soremekun v. Thrifty Payless, Inc.*,
  509 F.3d 978 (9th Cir. 2007) ..........................................................................................4

*Vitatech Internat., Inc. v. Sporn*,
  16 Cal.App.5th 796 (2017) ................................................................................3, 4, 6

*Vucinich v. Gordon*,
  51 Cal. App. 2d 434 (1942) .............................................................................................6

**Statutes**

Cal. Civ. Code § 1671 ............................................................................................................5, 6

**Fed. R. Civ. P.**

  55(c) ...............................................................................................................................1, 7

  59(e) ...............................................................................................................................8, 9

  60(b) ...............................................................................................................................7, 8

  60(b)(4) ....................................................................................................................*passim*

  69 ................................................................................................................................2, 11, 12

  Rule 69(a) .........................................................................................................................12

**Other Authorities**

https://www.cacb.uscourts.gov/post-judgment-interest-rates ...............................4

https://www.federalreserve.gov/releases/h15/ .........................................................4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's Opposition Brief (the "Opposition" or "Opp."), relying upon irrelevances and conjecture, contorts the Federal Rules of Civil Procedure and California law in urging this Court to let stand a default judgment (Doc. No. 26) (the "Default Judgment") that is irreparably tainted by and inextricably intertwined with an unlawful penalty (denominated as "liquidated damages"). But nothing in Plaintiff's Opposition, including its *ex post* recharacterization of the liquidated damages enmeshed in the Default Judgment, alters the plain fact that under controlling California Supreme Court authority, *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, 978 (1998), and its progeny—the Default Judgment contains an unenforceable penalty and is thus void.

Moreover, none of Plaintiff's characterizations of the Federal Rules of Civil Procedure are availing. Contrary to Plaintiff's mischaracterizations, Fed. R. Civ. P. 55(c) does **not** require "good cause" to set aside a default **judgment** under Rule 60(b)(4). To the contrary, Courts are required to set aside a judgment (whether a default one or otherwise) that is void and are not permitted to sever portions thereof as Plaintiff requests this Court to do.  The Rule 60 (b)(4) cases Plaintiff relies on to argue that this Court is procedurally unable to set aside the Default Judgment are inapposite because they do not involve judgments void as a matter of substantive state law.  The Court must reject Plaintiff's unduly restrictive gloss of Rule 60(b)(4) since the Rules Enabling Act—*i.e.,* the legislative authority underlying the promulgated Federal Rules of Civil Procedure—mandates that the "'[R]ules shall not **abridge**, enlarge or modify **any substantive right**....'"  *Hanna v. Plumer*, 380 U.S. 460, 464 (1965) (quoting 28 U.S.C. § 2072) (emphasis added), which here, would include the right under California law to be free from a judgment containing an unenforceable penalty.

1

**DEFENDANT BEAUTYCON MEDIA, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT**

Finally, even if *arguendo* the Default Judgment, which is unenforceable under California substantive law, nonetheless were to stand because of any procedural arguments concerning setting such judgment aside, under no circumstances would this Court be able to enforce the Default Judgment since Rule 69(a)(1) governing judgment enforcement requires that the judgment be enforceable under state law, which the Default Judgment is not. *See Fid. Nat. Fin., Inc. v. Friedman*, 855 F. Supp. 2d 948, 962 (D. Ariz. 2012) ("*Fidelity National*") ("'To paraphrase, Rule 69 provides that state law applies generally, but a federal statute governs to the extent it applies.'")[1] (quoting *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010)). And under longstanding California law, "[a] void judgment…is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless." *Moore v. Kaufman*, 189 Cal. App. 4th 604, 616 (2010) (quotation marks omitted).

Accordingly, Defendant respectfully requests that the Court set aside the Default Judgment as void.

Alternatively, if the Court were to deny this Motion in whole or in part, Defendant requests that the Court—prior to lifting the stay on the Default Judgment (Doc. No. 41 at 2)—decide whether the Default Judgment can be enforced at all by this Court and if so, whether Defendant's PPP funds are in any event exempt from levy and any other judgment enforcement mechanism.

---

[1] As the Court is already aware from Defendant's ex parte application and reply in support thereof (Doc. Nos. 33, 38-39), Defendant maintains that even if *arguendo* the Default Judgment were valid and enforceable, federal and/or California law nevertheless prevents Plaintiff from levying or otherwise executing upon Defendant's funds obtained through the federal Paycheck Protection Program ("PPP").

## II. ANALYSIS

### A. The Default Judgment Contains an Unenforceable Penalty and is Thus Void under California Law

Plaintiff is unable to sidestep the inescapable conclusion that the Default Judgment is void because it is based upon a punitive liquidated damages provision that is unenforceable as a matter of California law. *See* Defendant's Motion to Set Aside Default Judgment (Doc. No. 47) ("Motion" or "Mot.") at Section II.

#### 1. The Liquidated Damages Provision Here is Unenforceable Because it Fails the "Reasonable Relationship" Test

Under California law, liquidated damages provisions must bear a "'reasonable relationship to the range of actual damages the parties could have anticipated would flow from a breach.'" *Purcell v. Schweitzer*, 224 Cal. App. 4th 969, 974 (2014). "The validity of the liquidated damages provision depends upon its reasonableness **at the time the contract was made and not as it appears in retrospect.** Accordingly, the amount of damages actually suffered has no bearing on the validity of the liquidated damages provision." *Vitatech Internat., Inc. v. Sporn*, 16 Cal.App.5th 796, 806 (2017) ("*Vitatech*") (emphasis added, quotation marks omitted).

Plaintiff argues that the liquidated damages provision here is "reasonably related" to the range of anticipated actual damages using the self-serving testimony of its COO Keith Conrad who provides a retrospective look at Plaintiff's undisclosed intent behind its liquidated damages provision and a vague parade of financial horribles that allegedly has befallen Plaintiff in the months following the parties' settlement agreement containing the unlawful provision. *See* Doc. No. 48-2 ("Conrad Decl.") at ¶¶10-12, 17-18.

Even if *arguendo* Mr. Conrad's testimony were to be credited by the Court despite its inadmissibility,[2] it would still fail to help Plaintiff's cause. To begin with, the COVID crisis was not on anyone's radar in the United States when the parties' agreement containing the liquidated damages provision was executed in January 2020 (Doc. No. 23, Exh. C); and thus, it is inconceivable that the business losses Conrad describes (which are rampant throughout this pandemic economy) were even foreseeable at that time because the COVID-19 virus had not yet reared its ugly head in this country.

Moreover, the liquidated damages provision, with its fixed premium of 5% of any balance remaining on the day after Defendant's deadline to pay such balance—which here amounted to a $12,880.60 premium (i.e., 5% of the $257,652.00 unpaid balance) (Doc. Nos. 18 at 10; 23, Exh. C; 25)—bears no reasonable relationship to any actual harm that anyone could have anticipated on day one of the breach. This conclusion is further supported by the controlling principle that under California law, where, as here, Plaintiff's injury is that Defendant did not pay Plaintiff money owed under a contract, "[d]amages for the withholding of money are easily determinable—i.e., interest at prevailing rates." *Vitatech*, 16 Cal.App.5th at 809. Such "prevailing rates" are substantially more modest than the 5% penalty here, and unlike such penalty, are measured on a per annum basis rather than on day one of the breach. As of August 31, 2020, the "prevailing rate" is 0.12% *per annum*, which when applied to the unpaid balance of $257,652.00 results in **$309.18 of interest over a year, compared to a $12,880.60 penalty on day one of the breach**.[3]

---

[2] Under California contract law, "[t]he parties' undisclosed intent or understanding is irrelevant to contract interpretation." *Iqbal v. Ziadeh*, 10 Cal. App. 5th 1, 8 (2017). Likewise, Mr. Conrad's rank speculation about the supposed cause of Plaintiff's alleged financial woe is also inadmissible. *Cf. Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("The evidence presented by the parties must be admissible. Conclusory, speculative testimony in affidavits and moving papers is insufficient….") (citation omitted).

[3] *See* https://www.cacb.uscourts.gov/post-judgment-interest-rates and https://www.federalreserve.gov/releases/h15/.

Given that the liquidated provision here "bears no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach," *Ridgley*, 17 Cal. 4th at 977, it is an unenforceable penalty.

### 2. **Whether or not Defendant was Oppressively Coerced Into Entering into the Parties' Agreement Has no Bearing on the Unenforceability of the Liquidated Damages Provision Despite Plaintiff's Inapposite Authority to the Contrary**

Plaintiff also asserts the lack of "oppressive coercion" upon Defendant in entering into the parties' agreement is somehow relevant to and precludes a finding that the liquidated damages provision here is an unenforceable penalty. Opp. at 15. This assertion is directly belied by the facts and analysis in the California Supreme Court's decision in *Ridgley*.

In *Ridgley*, as here, the debtors engaged in an arms-length negotiation with their creditor, after which, the parties executed documents, including a promissory note containing a subsequently challenged liquidated damages provision. *See Ridgley*, 17 Cal. 4th at 974. **Regardless of the arms-length negotiation**, the Supreme Court found the challenged provision to be an unenforceable penalty. *See id.* at 982. The Supreme Court's conclusion is further buttressed by the fact that the protections of Civ. Code § 1671 (concerning unenforceable penalties) cannot be waived, even by a negotiated, executed document purporting to do so. *See generally, e.g., Purcell*, 224 Cal. App. 4th 969 (finding purported waiver of Section 1671 protections within parties' written settlement agreement to be per se invalid and incapable of saving liquidated damages provision from being deemed an unenforceable penalty).

The one case cited by Plaintiff in support of its "oppressive coercion" argument—*Constellation-F, LLC v. World Trading 23, Inc.*, 45 Cal. App. 5th 22 (2020) ("*Constellation-F*")—is wholly inapposite. In *Constellation-F*, the California

Court of Appeal, in a 2-1 decision, relied upon a 1942 Court of Appeal decision[4] predating the current version of Section 1671, to hold that a liquidated damages provision in a commercial lease was enforceable because the party challenging the provision never proved that the other party "had market power, which is the power a monopolist has to oppress consumers by setting price at the monopolist's whim." *Constellation-F*, 45 Cal. App. 5th at 28.

*Constellation-F* is inapposite for at least two reasons. First, the *Constellation-F* Court itself, ostensibly trying to sidestep the applicable "reasonable relationship" test employed by the Supreme Court in *Ridgley*—a test, which as explained above, does not concern itself at all with coercion/market power—limited the *Constellation-F* holding to the narrow circumstance of commercial leases (which is not the kind of agreement in the instant case). *See Constellation-F*, 45 Cal. App. 5th at 29. Second, as emphatically put by Justice Stratton in her dissent, *Constellation-F* is bad law because it adopts a test at odds with *Ridgley* and a predecessor Supreme Court decision (*Garrett v. Coast & Southern Fed. Sav. & Loan Assn.*, 9 Cal.3d 731 (1973)):

> [O]ur Supreme Court has clearly explained how to analyze the enforceability of liquidated damages provisions. It did so in [*Ridgley*] and [*Garrett*]. My problem with the majority opinion is that it completely disregards the test set out in *Ridgley* and *Garrett* and instead superimposes a new test by which one may challenge a liquidated damages provision…. The majority establishes this new test by blithely confining *Ridgley* and *Garrett* to their specific facts, as if the decisions are outliers which we are free to ignore[5]. I take issue with that approach.

---

[4] *Vucinich v. Gordon*, 51 Cal. App. 2d 434 (1942).
[5] Plaintiff's attempt to limit *Ridgley* to the kind of agreement at issue there (*i.e.,* a loan agreement) is likewise misguided. *See* Opp. at 14, 14 n. 6. Not only is the agreement here functionally the same as any other debtor-creditor agreement (including loan agreements), but also it is clear that "[n]othing in *Ridgley* limited the standards it established regarding liquidated damages provisions to the context of a loan…." *Vitatech*, 16 Cal.App.5th at 814.

*Constellation-F*, 45 Cal. App. 5th at 29 (Stratton, J., dissenting).

Accordingly, in any event, this Court cannot follow the Court of Appeal's *Constellation-F* decision because it is contrary to the holdings of the California Supreme Court. *See In re K F Dairies, Inc. & Affiliates*, 224 F.3d 922, 924-27 (9th Cir. 2000).

For the foregoing reasons, the Default Judgment is void as a matter of California law.

    **B.**    **Given That the Default Judgment is Void, the Court is Required to Set it Aside**

The Court lacks discretion to not set aside the void Default Judgment despite Plaintiff's two inapposite arguments to the contrary.

    **1.**    **There is No "Good Cause" Standard for Setting Aside a Void Default Judgment**

First, Plaintiff misreads Fed. R. Civ. P. 55(c) as grafting onto Rule 60(b)(4) a discretionary, multi-factor "good cause" standard for setting aside default judgments. *See* Opp. at 10-13. In doing so, Plaintiff would have this Court extend Rule 55(c)'s "good cause" requirement for setting aside a **default**, to its provisions for setting aside **final default judgments**, which is a contortion and misstatement of the Rule.

But Rule 55(c) itself sets forth the dichotomy between setting aside a default, which requires good cause, and a default judgment, which requires a movant to satisfy whatever provision of Rule 60(b) the movant is relying upon to set aside the challenged judgment. *See* Fed. R. Ci. P. 55(c) ("The court may set aside an entry of **default for good cause**, and it may set aside a **final default judgment under Rule 60(b)**.") (emphasis added).

As stated in Defendant's Motion, because the Default Judgment is void, the Court, without any further showing, is required to vacate such judgment. *See* Mot. at 5 (citing Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial (Calif. & 9th Cir. Ed.), § 6:218 (regarding setting aside void default judgments) ("The court has no

discretion to deny a motion to vacate a void judgment: 'If the motion is based on a void judgment under Rule 60(b)(4), the district court has no discretion—the judgment is either void or it is not.'") (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 521 (5th Cir. 2002)).

    2.    **Under Rule 60(b)(4), the Court Lacks Discretion to Sever the Liquidated Damages Portion of the Default Judgment**

Plaintiff asks the Court to consider severing the liquidated damages from the Default Judgment (Opp. at 15). But this is likewise impermissible because "the district court has no discretion—the judgment is either void or it is not." *Id.* As the Eleventh Circuit has aptly articulated:

> If the judgment is void, the only relief that may be afforded under Rule 60(b)(4) is to set aside the judgment. *See United States v. One Hundred Nineteen Thousand Nine Hundred Eighty Dollars*, 680 F.2d 106, 107 (11th Cir.1982) ('Rule 60(b) is available, however, only to set aside the prior order or judgment. It cannot be used to impose additional affirmative relief.'). Thus, the only option for the district court in this case was to set aside the entire judgment of dismissal…."

*Burke v. Smith*, 252 F.3d 1260, 1267 (11th Cir. 2001).

Moreover, it would impermissibly blur the distinction between Rule 60(b) (governing **setting aside** judgments) and Rule 59(e) (governing **altering** or **amending** judgments) if the Court could, under the guise of severance, alter or modify a judgment in response to a Rule 60(b) motion. This is particularly true here, where this Motion—which was filed ninety-seven (97) days after entry of the Default Judgment (*see* Doc. Nos. 26 and 47) —is timely under Rule 60(b)(4), which

has no deadline[6], but would be untimely under Rule 59(e), which expressly requires such motions to be brought within twenty-eight (28) days of entry of judgment[7].

### C. Rule 60(b)(4) Does Not and Cannot Impose Strictures Preventing this Court from Setting Aside a Judgment That is Void as a Matter of California Law

Plaintiff cites various federal cases to argue that Rule 60(b)(4) is limited to setting aside only those judgments that are void due to certain jurisdictional defects and/or violations of due process. *See* Opp. at 7-10. Plaintiff's facile argument fails for at least four reasons.

*First*, all of Plaintiff's cases are inapposite because they do not concern the circumstances at hand, i.e., a judgment issued by a federal court sitting in diversity that is void as a matter of state substantive law. *See Keel v. Tilton*, 2009 WL 1035362, at *5 (E.D. Cal. Apr. 17, 2009) ("It is axiomatic that cases do not stand for propositions not considered therein.").

*Second*, Rule 60(b)(4) on its face does not limit its reach to only judgments that are void on procedural grounds (e.g., the grounds discussed by Plaintiff's cited cases). Rather, it expressly and broadly empowers a Court to set aside a judgment if "the judgment is void," which is facially agnostic as to whether the judgment is void as a matter of federal or state law and/or on procedural or substantive grounds. Accordingly, the Default Judgment falls within the expressly broad ambit of Rule 60(b)(4).

*Third*, even if *arguendo* Rule 60(b)(4) were somehow ambiguous, the U.S. Supreme Court has commanded that "we should read an ambiguous Federal Rule to avoid substantial variations in outcomes between state and federal litigation…because it is reasonable to assume that Congress is just as concerned as

---

[6] *See In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1447-48 (9th Cir. 1985).

[7] *See De Adams v. Hedgpeth*, 2015 WL 114163, at *1 (C.D. Cal. Jan. 7, 2015) (courts lack power to consider untimely Rule 59(e) motions).

we have been to avoid significant differences between state and federal courts in adjudicating claims." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 405 n. 7 (2010) ("*Shady Grove*") (quotation marks, brackets, and citations omitted). Since the Default Judgment would be deemed void and therefore set aside in a California state court, *see, e.g., Purcell*, 224 Cal. App. 4th at 976 (affirming order setting aside default judgment containing unlawful liquidated damages), it would be contrary to the Supreme Court's precedential guidance in *Shady Grove* were this Court to arrive at a contrary result.

Finally, even if *arguendo* Rule 60(b)(4) only applied to judgments that are void for certain procedural reasons, the Court must still enforce California substantive law governing unenforceable penalties by setting aside the Default Judgment. Under the U.S. Supreme Court's seminal decision in *Hanna v. Plumer*, 380 U.S. 460 (1965), "when the federal law sought to be applied is a congressional statute or Federal Rule of Civil Procedure, the district court must first decide whether the statute is sufficiently broad to control the issue before the court." *Burke*, 252 F.3d at 1265 (quotation marks omitted) (citing, *inter alia*, *Hanna*, 380 U.S. at 471).

Under the hypothetical, narrow construction of Rule 60(b)(4) as only addressing procedurally void judgments, Rule 60(b)(4) would not be "sufficiently broad to control" the instant issue concerning a judgment void under state substantive law. *Id.* Accordingly, under *Hanna*, the Court would then have "to evaluate whether failure to apply the state law would lead to different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping." *Id.* (quotation marks omitted) (citing, *inter alia*, *Hanna*, 380 U.S. at 468). Here, under this hypothetical scenario, the failure to apply California law would lead to a different outcome because in state court (as discussed above) the Default Judgment would be set aside, whereas under Rule 60(b)(4) it would not. This would result in an "inequitable administration of the laws," *id.*, because "[s]uch a result would discriminate against the [judgment debtor] whose state law claim is settled in

federal court 'solely because of the fortuity that there is diversity of citizenship between the litigants,'" *id.* at 1266 (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753(1980)). Moreover, forum shopping would be encouraged since savvy creditors seeking to enforce agreements containing punitive liquidated damages provisions would be more likely to file in federal rather than state court so as to avoid the possibility of any obtained judgment being setting aside as void under California law.

Accordingly, even under this hypothetically narrow construction of Rule 60(b)(4), the Court under *Hanna* would be required to apply California substantive law in deciding this Motion, thereby resulting in the Default Judgment being set aside. *See, e.g., Burke*, 252 F.3d at 1266 (Due to the "inequitable administration of the laws" that would result from the "failure to apply Alabama law regarding settlement of minors' claims," "we hold that Alabama law requiring a fairness hearing in order to bind a minor to a settlement agreement is a matter of state substantive law and was correctly applied in deciding the Rule 60(b)(4) motion.") (quotation marks omitted) (citing *Hanna*, 380 U.S. at 468).

### D. Even if *Arguendo* the Default Judgment Could Not Be Set Aside Under Federal Procedure, it Would Nevertheless Be Unenforceable Under Rule 69(a)(1) and California Law Incorporated Thereby

Under Fed. R. Civ. P. 69(a)(1), which governs enforcement of judgments in federal court, "state law governs not only the parties' substantive rights concerning execution of a judgment but also the procedure to be followed." *Burgos-Yantin v. Municipality of Juana Diaz*, 909 F.3d 1, 9 (1st Cir. 2018) (quotation marks and brackets omitted); *accord In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 987–88 (9th Cir. 2008) (execution of judgment must be in accordance with state procedural and substantive laws).

California law precludes enforcement of the void Default Judgment under all circumstances:

> "Because the judgment is void…, subsequent orders purporting to enforce the judgment against [the judgment debtor], such as the order that [the judgment debt] answer questions at the judgment debtor examination, are likewise void. A void judgment or order is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one."

*Moore*, 189 Cal. App. 4th at 616 (quotation marks omitted) (citing, *inter alia*, *Rochin v. Pat Johnson Manufacturing Co.*, 67 Cal.App.4th 1228, 1240 (1998)).

Therefore, the Default Judgment is unenforceable in this federal court sitting in diversity. *See, e.g., Baxter State Bank v. Bernhardt*, 186 F.R.D. 621, 623 (D. Kan. 1999) ("'[T]he legislative history and judicial application of Rule 69(a) make clear that the first sentence of the Rule expresses a limitation on the means of enforcement of money judgments and does not create a general power to issue writs of execution in disregard of the state law incorporated by the rest of the Rule.'") (quoting *Gabovitch v. Lundy*, 584 F.2d 559, 560–61 (1st Cir. 1978)).

### III. CONCLUSION

No matter how many irrelevant and contorted arguments Plaintiff presents, nothing can change the fact that the Default Judgment is void and must now be set aside. Accordingly, for the foregoing reasons, Defendant respectfully requests that the Court set aside the Default Judgment as void.

Alternatively, if the Court were to deny this Motion in whole or in part, Defendant requests that the Court—prior to lifting the stay on the Default Judgment (Doc. No. 41 at 2)—decide whether the Default Judgment can be enforced at all by

this Court, and if so, whether Defendant's PPP funds are in any event exempt from levy and any other judgment enforcement mechanism[8].

DATED: September 3, 2020_____     FREUNDLICH LAW

/s/ Kenneth D. Freundlich

Kenneth D.  Freundlich
Michael J. Kaiser
Attorneys for Defendant Beautycon Media, Inc.

---

[8] *See* footnote 1, *supra*.